*969 KING, Circuit Judge,
concurring in part and dissenting in part.
While I agree with Judge Michael that the district court was within its discretion in excluding the “Jay did it” statements under Rule 408,[1] I would reverse the court’s exclusion of the O.J. statements. I would remand to give the Government an opportunity to prove, by a preponderance of the evidence, that Lentz “engaged ... in wrongdoing that was intended to, and did, procure the unavailability of [Doris] as a witness” with respect to those statements. Fed.R.Evid. 804(b)(6).
Lentz himself chose to make reference to O.J. Simpson in his threats to Doris. The O.J. statements — threatening, in substance, that “I’ll kill you and get away with it” — are highly probative of Lentz’s commission and concealment of Doris’s murder. They are plainly relevant and necessary to the Government’s case; and to the extent that they are prejudicial to Lentz’s defense, that prejudice is entirely self-inflicted. On the Rule 403 issue, I would say, put most simply, that “he chose the words and he’s stuck with them.”[2] To hold that a defendant’s own threats are so egregiously prejudicial as to preclude their admission against him at trial would create a perverse result: As between two defendants who have made threats against the individuals in whose deaths they are subsequently charged, he who has made the more odious statements can, by virtue of the very extremity of his conduct, be shielded at trial from inferences deleterious to his case. By contrast, the defendant whose threats were comparatively milder may suffer the introduction of those statements against him. I would hold that the district court abused its discretion in excluding the O.J. statements under Rule 403.[3]
Because I see the O.J. statements as not properly excludable under Rule 403,1 turn to whether those statements might be admissible under the Rule 804(b)(6) “forfeiture by wrongdoing” exception to the hearsay rule. While my friend Judge Traxler maintains that the forfeiture by wrongdoing exception is “generally limited to the introduction of hearsay statements in the proceeding at which the deceased was expected by the assailant to testify,” ante at 968, I am unable to perceive any such limitation. By its plain terms, Rule 804(b)(6) renders admissible any statement that would otherwise be excluded under the hearsay rule — i.e., the hearsay objection is forfeited — if the statement is “offered against a party that has engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.” Fed.R.Evid. 804(b)(6). The forfeiture by wrongdoing exception is couched in general terms, and those terms do not confine the admissibili *970 ty of a hearsay statement to the particular proceeding for which the wrongdoer intended to render the declarant unavailable.
Because Rule 804(b)(6) applies under the circumstances of this case, and because the probative value of the O.J. statements is not substantially outweighed by any danger of unfair prejudice, I would vacate the exclusion of the O.J. statements. I would remand to accord the Government an opportunity to prove, by a preponderance of the evidence,[4] that Lentz engaged in wrongdoing that was intended to, and did, render Doris unavailable as a witness. See United States v. Scott, 284 F.3d 758, 762 (7th Cir.2002) (holding that trial court should use preponderance of evidence analysis to make threshold determination under Rule 804(b)(6) whether defendant engaged in wrongdoing that was intended to, and did, render declarant unavailable as witness); United States v. Dhinsa, 243 F.3d 635, 653-54 (2d Cir.), cert. denied, 534 U.S. 897, 122 S.Ct. 219, 151 L.Ed.2d 156 (2001) (same); United States v. Cherry, 217 F.3d 811, 815 (10th Cir.2000) (same); United States v. Emery, 186 F.3d 921, 927 (8th Cir.1999) (same). If the Government can make such a showing, it is entitled to avail itself of the forfeiture by wrongdoing exception embodied in Rule 804(b)(6) and to use the O.J. statements against Lentz in his trial.
With all respect to my distinguished colleagues, I dissent from the panel’s judgment that the exclusion of the O.J. statements should be sustained.

. I also agree with Judge Michael’s recitation of the factual and procedural underpinnings of this appeal, as set forth in Part I of his opinion.

. Judge Michael is entirely correct that Lentz’s statements must be evaluated under Rule 403. Ante at 967. My contention, however, is simply that Lentz is entitled to no special protection by virtue of the outrageousness of his conduct. Cf. United States v. Gartmon, 146 F.3d 1015, 1021 (D.C.Cir.1998) ("Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to a jury.”).

. If Doris were available to testify against her ex-husband in his trial for attempted murder and kidnapping, I submit that no one could seriously contend that Lentz’s threats against her would be so unfairly prejudicial as to be inadmissible. And the only distinction here— that Doris is not available to be placed on the witness stand and her testimony is now hearsay — has (if Rule 804(b)(6) is satisfied) been forfeited by Lentz's wrongdoing.

. In pursuing this effort before the trial court, the Government would not be bound by the Rules of Evidence. See Fed.REvid. 104(a); cf. Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987); Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co., 951 F.2d 613, 621 (4th Cir.1991).